[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a case that stems from a dog biting a police officer who was arresting the defendant's brother. The dog was owned by Felix Rubino and kept at premises owned by Elaine Rubino, the person being arrested was their brother Anthony.
The defendants have moved for summary judgment claiming the CT Page 1887 benefit of the "Fireman's Rule" which they assert bars recovery by a police officer for injuries sustained while in the performance of his duties. Kaminski v. Fairfield, 216 Conn. 2
(1990].
The "Fireman's Rule" does not apply in this case. The legislature has recognized the risk to the public that biting dogs present. Conn. General Statutes § 22-357 imposes strict liability on the owners and keepers of dogs who cause injury by biting. The statute does not except police officers from the protections afforded under the dog bite statute. The defendant's Motion for Summary Judgment is therefore denied. See Wroniak v.Ayala, 14 CONN. L. RPTR. 328, 1995 WL 371, 186 (Conn.Super. 1995) (Sheldon, J.).
The plaintiff's Motion for Summary Judgment is also denied. Certain factual allegations of the plaintiffs complaint have been denied and the defendant has attempted to introduce questions regarding the plaintiffs own conduct at the time of the alleged incident. The factual questions although contested by the defendant appear to be the type easily resolved by a fact finder.
Finally, in light of the defendant's answers during their sworn testimony at depositions this court wonders how special defenses of provocation and the plaintiff's failure to be attentive can be asserted. The defendant may be wise in heeding the plaintiffs warning that those special defenses may be without probable cause and that they run the risk of unjustly vexing and troubling the plaintiff.
Both Motions are denied.
O'KEEFE, J.